UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ACCESS 4 ALL, INC., a Florida Non Profit
Corporation, and BERNACE DE YOUNG,
Individually,

      Plaintiffs,

vs.

      Case No.

MSW INTRACOASTAL MALL, L.L.C., a
Delaware Limited Liability Company, and FRANK
THEATRES INTRACOASTAL, LLC, a Delaware
Limited Liability Company,

      Defendants.
_____/

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiffs, ACCESS 4 ALL, INC., a Florida Non Profit Corporation, and BERNACE DE YOUNG, Individually, and on behalf of all other mobility-impaired individuals similarly situated (sometimes referred to as "Plaintiff" or "Plaintiffs"), hereby sue the Defendants, MSW INTRACOASTAL MALL, L.L.C., a Delaware Limited Liability Company, and FRANK THEATRES INTRACOASTAL, LLC, a Delaware Limited Liability Company, (sometimes referred to as "Defendants"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff, Bernace De Young, is an individual residing in Aventura, FL, in the County of Miami-Dade.

2. Plaintiff, ACCESS 4 ALL, INC., is a nonprofit corporation formed under the laws of the State of Florida. ACCESS 4 ALL, INC. maintains its principal office at 3200 N. Palm Aire

1

Dr., #505, Pompano Beach, FL 33069, in the County of Broward.

3. Defendant MSW Intracoastal Mall, L.L.C.'s property, Intracoastal Mall, is located at 3789 N.E. 163rd Street, North Miami Beach, FL 33160, in the County of Miami-Dade.

4. Defendant Frank Theatres Intracoastal, LLC's property, Sunrise Cinemas, is located at 3701 N.E. 163rd Street, North Miami Beach, FL 33160, in the County of Miami-Dade.

5. Venue is properly located in the Southern District of Florida because venue lies in the judicial district of the properties situs. The Defendants' properties are located in and do business within this judicial district.

6. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

7. Plaintiff BERNACE DE YOUNG is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. BERNACE DE YOUNG has polio and has paralysis in her right leg, which substantially limits her ability to walk. She wears a full leg brace, ambulates at times by crutches, and for most times, ambulates by use of a wheelchair. BERNACE DE YOUNG has visited the properties which form the basis of this lawsuit and plans to return to the properties to avail herself of the goods and services offered to the public at the properties, when the properties are made accessible for use by mobility-impaired individuals. The Plaintiff has encountered architectural barriers at the subject properties, which barriers are enumerated herein. The barriers to access at the properties have endangered her safety, and have denied her the full and equal access to Defendants'

facilities. The Plaintiff is also a member of the Plaintiff organization, ACCESS 4 ALL, INC., discussed below in paragraph 8.

8. Plaintiff ACCESS 4 ALL, INC., is a nonprofit Florida corporation. Members of this organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. ACCESS 4 ALL, INC. and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendants' discrimination until the Defendants are compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow it to bring suit in its own right. ACCESS 4 ALL, INC. has also been discriminated against because of its association with its disabled members and their claims.

9. The Defendants own, lease, lease to, or operate places of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendants are responsible for complying with the obligations of the ADA. The places of public accommodation that the Defendants own, operate, lease or lease to are known as Intracoastal Mall, located at 3789 N.E. 163rd Street, North Miami Beach, FL 33160, and Sunrise Cinemas, located at 3701 N.E. 163rd Street, North Miami Beach, FL 33160.

10. ACCESS 4 ALL, INC. and BERNACE DE YOUNG have a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to these properties as described but not necessarily limited to the allegations in

paragraph 12 of this complaint. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendants. BERNACE DE YOUNG desires to visit the Intracoastal Mall and Sunrise Cinemas not only to avail herself of the goods and services available at the property but to assure herself that the property is in compliance with the ADA so that she and others similarly-situated will have full and equal enjoyment of the property without fear of discrimination.

11. The Defendants have discriminated against the individual Plaintiff and members of the corporate Plaintiff organization by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

12. The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the Intracoastal Mall and Sunrise Cinemas have shown that violations exist. These violations at Defendants' properties which were personally encountered by Plaintiff Bernace De Young, and that affected her disability, include, but are not limited to:

   A. Some of the accessible parking spaces do not have an access aisle. This is in violation of section 4.6.3 of the ADAAG. §36.304.

   B. Some of the accessible parking space access aisles do not adjoin an accessible route. This is in violation of sections 4.6.2 and 4.6.3 of the ADAAG. §36.304.

   C. An accessible route is not provided from some of the accessible parking spaces. This is in violation of sections 4.6.3, 4.7.1 of the ADAAG. FACBCS 4.6.3. §36.304.

D.  Some of the accessible parking spaces do not have proper identification. This is in violation of section 4.6.4 of the ADAAG.

E.  A person using a wheelchair is compelled to wheel behind parked vehicles. This is in violation of section 4.6.1 (a) FACBC (more stringent that ADAAG) Parking spaces for persons who have disabilities. §36.304.

F.  The accessible parking is not on the shortest accessible route of travel from adjacent parking to an accessible entrance. This is in violation of section 4.6.2 of the ADAAG.

G.  Inside the Sunrise Theater the wheelchair spaces are not an integral part of the seating plan. This is in violation of sections, 4.1.3(19) and 4.33 of the ADAAG. §36.308.

H.  For one or more stores including, but not limited to the Sunrise Theater and Chicago's Pizzeria, appropriate grab bars are not provided at the water closets in the toilet rooms. This is in violation of sections 4.22.4 of the ADAAG. §36.304.

I.  Inside the Sunrise Theater's toilet rooms, the flush control in the accessible stall is on the narrow side of the water closet. This is in violation of sections 4.16.5 and 4.22.1 of the ADAAG.

J.  For one or more stores including, but not limited to the Sunrise Theater, Duffy's Sports Grill, and Chicago's Pizzeria, a maneuvering clearance is not provided to exit the toilet room. This is in violation of section 4.22.2 of the ADAAG. §36.304.

K.  For one or more stores including, but not limited to the Sunrise Theater, the hook is mounted out of reach in the toilet room. This is in violation of section 4.27.3 of the ADAAG.

L.  For one or more stores including, but not limited to the Sunrise Theater, a fire alarm is not provided in the toilet room. This is in violation of section 4.28.1 of the ADAAG. §36.304.

M.  For one or more stores including, but not limited to the Sunrise Theater, in the accessible stall the pipe underneath the lavatory is exposed. This is in violation of section 4.22.6 of the ADAAG. §36.304.

N.  For one or more stores including, but not limited to Chicago's Pizzeria, the toilet room door hardware requires tight grasping, tight pinching or twisting of the wrist to operate. This is in violation of section 4.13.9 ADAAG.

  O. For one or more stores including, but not limited to Chicago's Pizzeria, the mirror in the toilet room is mounted too high. This is in violation of section 4.19.6 of the ADAAG.

13. The discriminatory violations described in paragraph 12 are not an exclusive list of the Defendants' ADA violations. Plaintiffs require the inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, the members of the Plaintiff group, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above. The individual Plaintiff, the members of the Plaintiff group, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

14. The Defendants have discriminated against the individual and corporate Plaintiff by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continue to discriminate against the Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or

procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

15. Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

16. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to the Defendants' places of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facilities are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendants' facilities are that which were designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants' facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

17. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer

employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or waived by the Defendants.

18. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an Order to require the Defendants to alter Intracoastal Mall and Sunrise Cinemas to make those facilities readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the facilities until such time as the Defendants cure its violations of the ADA.

**WHEREFORE,** Plaintiffs respectfully request:

A. The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

B. Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

C. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C.

§ 12205.

D. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully Submitted,

Dated: August 3, 2011

/s/Lawrence A. Fuller
Lawrence A. Fuller, Esq. (FBN 180470)
Co- Counsel for Plaintiffs Access 4 All, Inc.
and counsel for Bernace De Young
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 609
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
lfuller@fullerfuller.com

Bernace De Young, Esq. (FBN 283738)
Co-Counsel for Plaintiff Access 4 All, Inc.
3600 Yacht Club Dr., #103
Aventura, FL 33180
(954) 577-3766
(954) 577-3769 - Facsimile
Bernace@bellsouth.net

Complaint (cme 8.2.11).wpd